

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FILED
JUL 2 1 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

MICHAEL T. HEALY,

    Debtor.

Case No. 07-31197-B-7

Chapter 13.

BRET CARWIN,

    Plaintiff,

vs.

MICHAEL T. HEALY

    Defendant.

Adv. No. 08-02159-B

**MEMORANDUM DECISION**

Plaintiff Bret Carwin ("Plaintiff") seeks entry of a default judgment against debtor Michael Healy ("Defendant"). Plaintiff commenced the above-captioned adversary proceeding by filing a complaint against Defendant on March 26, 2008. Defendant did not answer the complaint, and on May 28, 2008 his default was entered. Plaintiff now seeks entry of default judgment against Defendant declaring that the debt owed by Defendant to Plaintiff arising from the judgment of the Sacramento County Superior Court in case number 06AS04772 (the "Default Judgment") is nondischargeable under 11 U.S.C. §§ 523(a)(2), (a)(4), and



(a)(6). The court construes the request for a determination of nondischargeability under § 523(a)(2) as a request for a determination under both §§ 523(a)(2)(A) and (B).

As set forth more fully in this Memorandum Decision, the motion will be granted in part and denied in part. Default judgment will be entered against Defendant declaring that the debt arising from the Default Judgment will be nondischargeable under 11 U.S.C. § 523(a)(2)(A). Except to that extent the motion is denied. At the status conference held in this matter on July 9, 2008 at 9:30 a.m., the court described the foregoing ruling to Plaintiff, who consented to entry of judgment in the manner described above, and to dismissal of the remaining claims set forth in the complaint.

The facts underlying Plaintiff's claim are set out more fully in the complaint (Dkt. 1), but, in short, the claim is as follows. Defendant and Plaintiff were friends for a number of years, first meeting in the early 1990s. In late July or early August 2005, Defendant and his business partner Jeff Engle ("Engle") approached Plaintiff to discuss an opportunity for plaintiff to invest in a company in which they were involved called Mix Master LLC ("Mix Master"), which company was in the business of developing and marketing beverages. In late July or early August 2005 Plaintiff met with Defendant and Engle at a Chili's restaurant in Pleasanton, California to discuss the investment opportunity. During the meeting, Plaintiff heard Defendant and Engle make the following statements:

1.) Debtor and Engle had developed an energy drink

-2-

called "Ludicros" one year earlier and were successfully selling it.

2.) Debtor and Engle had developed another energy drink called "24 Seven" that was ready to go to market within three weeks.

3.) The reason for the meeting was to obtain plaintiff's investment in Mix Master so as to bring 24 Seven into the market immediately.

4.) Ludicros was already being sold, and Mix Master had distributors in place in Sacramento, the foothills, Chico, North Valley up to Redding, Idaho, Santa Barbara, Bishop, Santa Cruz, Monterey, Reno, and San Diego, and that Mix Master LLC was "making a bunch of money." (Dkt. 1 at 3).

5.) Debtor and Engle had put their own personal money into Mix Master LLC.

In actual, reasonable and justifiable reliance on Defendant and Engle's statements during the meeting, Plaintiff invested in Mix Master. On August 5, 2008, Plaintiff transferred $25,000.00 to Mix Master, with an agreement to invest a total amount of $250,000.00. In return, Plaintiff became a member of Mix Master and was appointed head of the marketing department.

Later, Plaintiff discovered that the statements made at the meeting in the restaurant were false. As alleged in the complaint, Mix Master did not have distributors in Bishop, Chico, Idaho, Santa Barbara, Santa Cruz, or Monterey; it had actually only engaged its first distributor in July 2005. Mix Master was

also losing distributors due to is failure to support distributors or honor returns.  24 Seven was not ready for distribution and was several months away from being released. Mix Master had maintained no books and records.

Plaintiff next approached Debtor and Engle, stating that he "wanted out" of Mix Master.  On May 8, 2006, Mix Master entered into a promissory note with Plaintiff, promising to pay $225,000.00 to Plaintiff.  (Dkt. 15 at 7)  Also on May 8, 2006, Defendant and Engle entered into a separate promissory note with Plaintiff, promising to pay Plaintiff $225,000.00 to redeem his ownership interest in Mix Master.  (Dkt. 15 at 10).  Mix Master made two payments on its promissory note totaling $50,000.00. Neither Defendant nor Engle made any payments to Plaintiff.

Plaintiff thereafter commenced an action in Sacramento County Superior Court against Mix Master, Defendant, and Engle. The Superior Court entered the defaults of Mix Master and Engle on December 19, 2006, and entered the default of Defendant on December 27, 2006.  On September 19, 2007, the Superior Court signed the Default Judmgent, finding that Mix Master breached its contractual duties under the promissory note, and that Defendant and Engle breached their contractual duties under their separate promissory note.  (Dkt. 15 at 14).  The Superior Court also found and that Mix Master, Defendant, and Engle

> misrepresented certain facts and/or omitted to mention certain material facts, which misrepresentations/omissions induced Plaintiff Bret Carwin to invest $250,000.00 in Defendant Mix Master

1  Beverage Company, LLC, through Defendants Jeff Engle
2  and Michael Healy and which caused Plaintiff Bret
3  Carwin damages in the sum of $175,000.00 but for said
4  misrepresentations/omissions.
5 (Dkt. 15 at 15). The Superior Court's findings as to the
6 specific misrepresentations and omissions are more fully set
7 forth in Plaintiff's Exhibit D filed in support of the motion.
8 (Dkt. 15 at 13-17). The Superior Court entered judgment against
9 Defendant, Mix Master, and Engle jointly and severally in the
10 amount of $175,397.00. Plaintiff seeks to have this judgment
11 declared nondischargeable.
12     Based on the facts alleged in the complaint and the evidence
13 submitted in support of the motion, a declaration of
14 nondischargeability under 11 U.S.C. § 523(a)(2)(A) is appropriate
15 in this case. Under § 523(a)(2)(A), any debt "for money,
16 property, services, or an extension, renewal, or refinancing of
17 credit, the extent obtained by-- []false pretenses, a false
18 representation, or actual fraud, other than a statement
19 respecting the debtor's an or an insider's financial condition,"
20 is excepted from discharge.
21     Here, Plaintiff has obtained a default judgment against
22 Defendant, which judgment contains a finding that Defendant made
23 misrepresentations that caused Plaintiff to invest in Mix Master.
24 Plaintiff is correct that the Default Judgment, as a judgment of
25 the Superior Court of California, is entitled to full faith and
26 credit and may be given preclusive effect in this adversary
27 proceeding. <u>Bugna v. McArthur (In re Bugna)</u>, 33 F.3d 1054, 1057

(9th Cir. 1994)(citing 28 U.S.C. § 1738). The preclusive effect of the Default Judgment is determined by California state law. <u>Morgan Stanley Mortgage Capital Inc. v. Insurance Commissioner of the State of California, et al.</u>, 18 F.3d 790, 792 (9th Cir. 1994)("Section 1738 commands a federal court to accept the preclusion rules chosen by the state from which the judgment is taken.").

Under California state law, collateral estoppel may be applied to give preclusive effect to a judgment where five elements are satisfied. Those elements are:

> 1) the issue to be precluded must be identical to that decided in the prior proceeding; 2) the issue must have been actually litigated at that time; 3) the issue must have been necessarily decided; 4) the decision in the prior proceeding must be final and on the merits; and 5) the party against whom preclusion is sought must be in privity with the party to the former proceeding.

<u>People v. Garcia</u>, 39 Cal. 4th 1070, 1077 (2006). The Default Judgment satisfies the five elements described above. First, the issue decided in the Default Judgment as to misrepresentations or omissions by Defendant is identical to the issue to be decided here in determining whether Defendant obtained money from Plaintiff by false pretenses, false representation, or actual fraud.

Second, the issue was actually litigated in the state court lawsuit. As plaintiff points out, the requirement of actual litigation is satisfied by a default judgment where the defendant

had notice of the action and a fair opportunity to litigate it. See <u>Lewis v. County of Sacramento</u>, 218 Cal. App. 3d 214, 218 (1990). Where those requirements are satisfied, California courts treat the issues decided by a default judgment as conclusive as if they had been rendered after a trial on the merits. See <u>Fitzgerald v. Herzer</u>, 78 Cal. App. 2s 127, 131 (1947); 7 Witkin, <u>California Procedure</u>, § 280 (3rd Ed. 1985).

    Third, the issue was necessarily decided by the Superior Court. The fact that the judgment was based alternatively on the court's finding Defendant had breached his contractual duties to Plaintiff under the terms of a promissory note and on the court's finding that defendant had made misrepresentations of fact or omitted to mention certain material facts does not defeat the preclusive effect of the latter finding. See <u>Wall v. Donovan</u>, 113 Cal. App. 3d. 122, 126 (1980).

    Fourth, the Default Judgment resolved the state court proceeding on the merits, and it is a final judgment. There is no evidence in the record that the Default Judgment is being challenged on appeal so as to deny it preclusive effect. See Cal. Civ. Proc. Code § 1049; <u>Wright v. Turner (In re Turner)</u>, 204 B.R. 988, 992-93 (9th Cir. BAP 1997)(pointing out that California does not give preclusive effect to a judgment or order while it is being challenged on appeal).

    Fifth, the party against whom preclusion is being sought in this adversary proceeding, Defendant, is the same party against whom the issues in the state court proceeding were decided. The requirement of privity is thus satisfied.

Having found that the Default Judgment is entitled to preclusive effect in this adversary proceeding, the court further finds that the state court's findings that Defendant made misrepresentations and omitted to mention certain facts, particularly those regarding the status of Mix Master's distributorship relations, the status of development of 24 Seven, and the success of the sale of Ludicros constitute false representations other than statements concerning Defendant's financial condition, by which Defendant obtained money from Plaintiff. Accordingly, a determination of nondischargeability under § 523(a)(2)(A) is appropriate.

A determination of nondischargeability under § 523(a)(2)(B) is not appropriate in this instance. Section 523(a)(2)(B) requires the use of a statement in writing. The complaint contains no allegation, and no evidence has been presented by Plaintiff in support of the motion, to show that Defendant used any statement in writing to obtain Plaintiff's investment in Mix Master. The complaint only alleges that Plaintiff "heard" Defendant make misrepresentations that caused him to invest. (Dkt. 1 at 3). Plaintiff's declaration submitted in support of the motion also explicitly states that the statements made by Defendant at the restaurant in Pleasanton were made orally. (Dkt. 14 at 3).

A determination of nondischargeability under § 523(a)(4) is also inappropriate. Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation <u>while acting in a fiduciary capacity</u>, embezzlement, or larceny." 11 U.S.C. §

-8-

523(a)(4)(emphasis added). The complaint contains no allegation, and no evidence has been presented by Plaintiff in support of the motion, to support a finding of embezzlement or larceny in this case. The complaint also contains no allegation, and no evidence has been submitted by Plaintiff in support of the motion, to show that Defendant's fraud was committed while Defendant was acting in a fiduciary capacity as to Plaintiff. Although under California law the fiduciary duties a manager owes to the limited liability company and to its members are the same as those of a partner to a partnership and to the partners of the partnership, Cal. Corp. Code § 17153, and California law makes all partners to a partnership trustees over the assets of the partnership, see Ragsdale V. Haller, 780 F.2d 794, 796-97 (9th Cir. 1986), Defendant's alleged fraud predates any such relationship. Defendant was not acting in a fiduciary capacity while engaging in the alleged fraudulent conduct.

A determination of nondischargeability under § 523(a)(6) is also inappropriate. Section 523(a)(6) excepts from discharge debts arising out of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The "willful and malicious" standard for the purposes of § 523(a)(6) is a two-pronged test. Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 831 (9th Cir. BAP 2006). Under the first prong, a court must determine whether there was a "willful" injury. "[T]he standard for meeting the willful prong of the two-part test under § 523(a)(6) is high. That is, the creditor must prove that the debtor had the subjective intent to

-9-

cause harm or the subjective knowledge that harm was substantially certain to occur." <u>Luc v. Chien (In re Chien)</u>, No. NC-07-1268-JuMkK at *11 (9th Cir. BAP, February 7, 2008)(citing <u>Kawaauhau v. Geiger</u>, 523 U.S. 57 (1998) and <u>Carillo v. Su (In re Su)</u>, 290 F.3d 1140 (9th Cir. 2002)). Under the second prong, the court must determine whether the debtor's conduct was "malicious." The standard for maliciousness is also high. "A 'malicious' injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" <u>Petralia v. Jercich (In re Jercich)</u>, 238 F.3d 1202, 1209 (9th Cir.), <u>cert. denied</u> 533 U.S. 930 (2001).

Here, the Default Judgment does not establish that Defendant acted willfully within the meaning of § 523(a)(6). First, the Default Judgment does not establish that Defendant acted willfully because it makes no finding as to the debtor's subjective intent. It does not make any finding that the debtor had the subjective intent to cause harm or the subjective knowledge that harm was substantially certain to occur. This court cannot read subjective intent into the findings of the state court, as that would reduce the willfulness standard to nothing more than an objective inquiry into the debtor's state of mind. The findings and conclusions of the state court do not satisfy the "willful" prong of § 523(a)(6).

The Default Judgment also does not establish that Defendant acted maliciously within the meaning of § 523(a)(2)(6). The Default Judgment makes no specific finding of malice. "In order

-10-

to imply malice . . . it must first be established that the conversion was a 'willful' injury. Jercich, 238 F.3d at 1209. Post-Geiger, the 'done intentionally' element of a 'malicious' injury brings into play the same subjective standard of intent which focuses on . . . knowledge of harm to the creditor. See Jercich, 238 F.3d at 1209." In re Thiara, 285 B.R. 420, 434 (9th Cir. BAP 2002). In this case, the Superior Court found that Defendant had made misrepresentations, some of which caused Plaintiff's injury. As with the willfulness prong, however, the "done intentionally" aspect of the maliciousness inquiry is not satisfied where the Superior Court made no findings regarding the subjective intent of the debtor.

　　The court will issue a separate judgment consistent with this ruling. The court will also issue a separate order dismissing Plaintiff's claims for relief under 11 U.S.C. §§ 523(a)(2)(B), (a)(4), and (a)(6).

Dated: JUL 21 2008

BY THE COURT

*Thomas C. Holman*
Thomas C. Holman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Jeffrey M. Jones
2330 E Bidwell #201
Folsom, CA 95630

Michael T. Healy
314 Canyon Falls Dr
Folsom, CA 95630

DATED: 7/23/08

By: _____
    Deputy Clerk

Jennifer Jahnsen

EDC 3-070 (New 4/21/00)